(January 22, 1974)

■ The People of the State of New York, Respondent, v. James Giles, Appellant.— Judgment, Supreme Court, Bronx County, rendered September 5, 1972, upon defendant's plea of guilty, unanimously reversed, on the law, the sentence vacated, and the case remitted to the Criminal Term of the Supreme Court, Bronx County, for resentencing. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his own behalf and in not inquiring of defendant whether he wished to make such a statement. Failure to do so constitutes error necessitating a reversal of the sentence and a remand for resentencing. (*People* v. *Williams,* 42 A D 2d 931; *People* v. *Rojas,* 42 A D 2d 945, and cases cited therein.) Concur — Kupferman, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ Irving P. Karlin, Appellant-Respondent, v. Richard Weisinger et al., Respondents-Appellants.— Order, Supreme Court, New York County, entered September 17, 1973, unanimously modified, on the law and the facts, by striking as unduly burdensome defendants' interrogatories numbered 8 and 12. As so modified, the order is otherwise affirmed, without costs and without disbursements. Concur — Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.

■ John J. O'Boyle, Respondent, v. Sun Luck East, Inc., Defendant, and 55th Street Building Corporation, Appellant.— Judgment, Supreme Court, New York County, entered on March 20, 1972, unanimously modified, on the law, to the extent of reversing and vacating the judgment against defendant-appellant, and dismissing the complaint as to defendant-appellant, without costs and without disbursements. Plaintiff sustained a fractured ankle when he was accidentally bumped on the sidewalk in front of the defendant restaurant, which caused him to lose his balance and fall down a staircase leading to the basement of the building owned by defendant-appellant. The jury found for the plaintiff against the defendant-appellant landlord, but in favor of the restaurant. It is axiomatic, as stated in *Palsgraf* v. *Long Island R. R. Co.* (248 N. Y. 339, 344), that the "risk reasonably to be perceived defines the duty to be obeyed". The basement staircase involved in the case at bar did not encroach on the public sidewalk. There are many such staircases in the city. The landlord could not reasonably anticipate that someone would jolt another in the street, as a result of which he would fall down the stairs. There being no proximate cause, *Rivera* v. *City of New York* (11 N Y 2d 856, 857), the complaint should be dismissed. If we did not dismiss, we would order a new trial on the ground that section C26–226.0 of the Administrative Code of the City of New York which relates to basement stairways that do encroach on a public way, was read to the jury without adequate explanation that it had only a negative application as being the only code section with respect to basement stairways and did not apply to the stairway involved in the case at bar. The jury could have been confused as to the purpose of the reading of the section. Concur — Kupferman, J. P., Steuer, Tilzer and Lane, JJ.